IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 28, 2006 Session

## ZACHARY ROSENBERG ET AL. v. BLUECROSS BLUESHIELD OF TENNESSEE, INC. ET AL.

**Chancery Court for Davidson County**
**No. 02-1237-III   Ellen Hobbs Lyle, Chancellor**

---

**No. M2005-01070-COA-R9-CV - Filed on November 29, 2006**

---

WILLIAM C. KOCH, JR., P.J., M.S., concurring.

I concur with the court's conclusion that the plaintiffs have not demonstrated that the provision in the Commercial Provider Administration Manual requiring them to be responsible for one-half of the fees and expenses directly related to conducting the arbitration renders arbitrating their claims prohibitively expensive. The plaintiffs have the burden of proof on this point, *Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 522 (2000), and thus they must demonstrate that it will be prohibitively expensive for them to pursue their claims in the arbitral forum.

The plaintiffs' claims for relief in this case go far beyond disputes over specific charges to particular patients.[1] They have presented no evidence that it will be more expensive to arbitrate their claims than it would be to litigate them. *See Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp.2d 385, 411 (S.D.N.Y. 2003). In the absence of this sort of evidence, the trial court properly declined to invalidate the arbitration provision.

WILLIAM C. KOCH, JR., P.J., M.S.

---

[1]In light of the procedural posture of this case, we have not been called upon to address whether the Tennessee Consumer Protection Act applies to the contractual relationship between the plaintiffs and BlueCross BlueShield of Tennessee and Tennessee Health Care Network, Inc. or, if it does, whether the plaintiffs may seek class action relief under the Tennessee Consumer Protection Act. Nothing in the court's opinion should be construed as concluding that the plaintiffs have stated a claim for relief, individually or as representatives of a class, under the Tennessee Consumer Protection Act.